# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 1:08-cr-15

KEITH J. POWELL,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 118), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 119) The Court has now received materials submitted by the Probation Office and the parties on this issue.

The Defendant was originally sentenced to a term of one hundred twenty (120) months of imprisonment, which is the mandatory minimum sentence for a conviction of the distribution of five (5) grams or more of cocaine base, by a defendant with a prior felony drug conviction (Documents

55 and 114).[1] At the original sentencing, Defendant's total offense level of twenty-seven (27) combined with a Criminal History Category III, produced a Guideline range of eighty-seven to one hundred eight (87 to108) months of imprisonment. However, where the offense of conviction specifies a mandatory minimum (one hundred twenty (120) months), the guideline imprisonment range shall not be lower than the statutory mandatory minimum. Therefore, Defendant's Guideline sentence became one hundred twenty (120) months by operation of law, due to his prior felony drug conviction. (*See* 21 U.S.C. §§ 841(b)(1)(B) and 851.) While application of the 2011 amendments to the Guidelines reduces Defendant's total offense level to twenty-three (23), and his Guideline range to fifty-seven to seventy-one (57 to 71) months, under the amended Guidelines, the Defendant is still subject to the mandatory minimum sentence of one hundred twenty (120) months required by statute. Therefore, Defendant is not eligible for a sentence reduction because his sentence was not "based on a sentence range . . . lowered by the Sentencing Commission." In their respective written responses, both the United States and the Defendant, through counsel, acknowledge that the Defendant cannot receive a sentence below the mandatory minimum. (Documents 120 and 121).[2] For these reasons, the Court **ORDERS** the § 3582 Motion (Document 118) be **DENIED**.

---

[1] The Court ordered the instant sentence to run concurrent with Defendant's then undischarged Mercer County, West Virginia sentence (Document 114).

[2] On March 8, 2012, Defendant filed a supplemental response, wherein he states that the "[Federal] Public Defenders [sic] erroneously stated that defendant [sic] that the Court lacked the authority to reduce his sentence because the sentence imposed is the mandatory minimum sentenced required by statute." (Pro Se Supplemental Memorandum of Defendant (Document 122)). Defendant contends that case law supports the district court's application of the "safety valve to reduce [the] sentence below the mandatory minimum" and Section 3582 permits a sentence reduction where a defendant has plead guilty pursuant to a Rule 11(c)(1)(C) plea agreement under the Federal Rule of Criminal Procedure. The Court has considered Defendant's assertions and finds that they are without merit. First, Defendant's plea agreement did not contain a Rule 11(c)(1)(C) provision. Moreover, the safety value statute allows courts to sentence below a statutorily mandated minimum sentence, however Defendant has more than one criminal history point which disqualifies him for such consideration. (*See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a)).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: March 29, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA